# EXHIBIT A

Blake W. Johnson #15174
Todd Livingston #14463
Brooke Hansen #18691
Gage Pallo #19847
**JOHNSON | LIVINGSTON | PLLC**
195 S. Orem Blvd., Suite 1
Orem, UT 84058
Tel.: (801) 948-9670
Fax: (801) 948-9675
blake@johnsonlivingston.com
todd@johnsonlivingston.com
brooke@johnsonlivingston.com
gage@johnsonlivingston.com
*Attorneys for Plaintiffs*

FOURTH DISTRICT COURT – PROVO
UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| MATTHEW FROST, an individual;<br>JANITA FROST, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a corporation; and DOES I-X;<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 250403556<br><br>Judge Kasey L. Wright |

COMES NOW, Plaintiffs Matthew Frost and Janita Frost, by and through counsel of record, and hereby allege as follows:

## PARTIES

1. At all times mentioned herein, Plaintiffs Matthew Frost and Janita Frost ("Plaintiffs"), were and continue to be residents of Utah County, State of Utah.

2. Defendant Lowe's Home Improvement ("Defendant"), was and continues to do business in Utah County, State of Utah.

3. Defendant "Doe Employee" has not been identified at this time, but upon information and belief was and continues to be a resident of Utah County, State of Utah. When Doe Employee's identity is discovered, this pleading will be amended.

4. Plaintiffs reserve the right to join additional parties and entities that may also have liability as well as any entity to which Defendants allocate fault.

5. Plaintiffs are unaware of the true identities of the parties identified herein as DOES I-X ("DOES") but are informed and believe that such parties are responsible for the damages incurred by Plaintiffs as averred herein. Plaintiffs will seek to amend this Complaint when the true identities of such parties are known.

**VENUE AND JURISDICTION**

6. The injuries giving rise to this Complaint occurred in Utah County, State of Utah, and thus venue is appropriate in the above-entitled court pursuant to Utah Code Ann. §78B-3a-201.

7. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. §78A-5-102.

**TIER ELECTION**

8. Pursuant to Rule 26(c) of the Utah Rules of Civil Procedure, Plaintiff elects Tier 3 discovery and alleges the jurisdictional minimum amount.

**FACTUAL ALLEGATIONS**

9. This matter arises from a premise liability incident that occurred on or about November 14, 2022.

10. Defendant Lowe's owns and operates a Lowe's store located at 140 W University Parkway, Orem, Utah 84058 where this incident occurred.

11. Defendant Lowe's held this property open to the public.

12. An employee of Defendant Lowe's was standing at the top of rolling stairs/ladder at Lowe's Home Improvement located at 140 W University Parkway, Orem, Utah 84058.

13. Defendant's employee was moving merchandise.

14. Plaintiff Matthew Frost was looking at the merchandise on the shelves below the rolling stairs.

15. Defendant's employee dropped a 20-pound box of nails which landed directly on Plaintiff's head.

16. Defendant had no warning signs or caution signs in the area.

17. Defendant had not blocked off the hazardous area.

18. Defendant knew or should have known that moving or stocking merchandise high up on shelves presents a risk of falling objects.

19. Defendant knew or should have known that it had to take safety precautions to prevent objects from falling onto customers.

20. Defendant knew or should have known that there are applicable OSHA, ANSI, ISEA standards and industry best practices to prevent objects from falling onto its customers and employees.

21. Defendant's actions resulted in Plaintiffs sustaining physical injuries, loss of enjoyment of life, and other damages.

22. Plaintiff Matthew Frost sought medical treatment for his pain, symptoms, and injuries and continues to need treatment for the injuries sustained.

23. Plaintiff Matthew Frost's medical treatment was reasonable and necessary.

24. As a direct and proximate result of Defendant's negligence and the resulting injuries to Plaintiff Matthew Frost, Plaintiff's wife, Janita Frost, has also suffered damages.

**FIRST CAUSE OF ACTION**
**(Premise Liability – Lowe's Home Centers LLC and Doe Employee)**

25. Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

26. Defendant had a duty to maintain safe premises for its patrons.

27. Defendant had a duty to discover dangerous conditions on its property.

28. Defendant had a duty to fix or guard against any dangerous conditions on its property.

29. Defendant had a duty to warn about dangerous conditions on its property.

30. Defendant was negligent in the following respects:

a. Failure to warn customers of dangerous conditions;

b. Failure to guard against the dangerous conditions;

c. Failure to take precautions when conducting potentially hazardous work;

d. Such other acts of negligence yet to be disclosed.

31. Defendant owed a duty of care to Plaintiffs.

32. Defendant breached that duty of care in the manners previously mentioned.

33. As a direct and proximate result of Defendant's breach, Plaintiffs were injured in an amount to be proven at trial.

34. Plaintiffs reserve the right to add additional causes of action and theories of negligence as other acts may be discovered during litigation.

**SECOND CAUSE OF ACTION**
**(Negligent Employment – Lowe's Home Centers LLC)**

35. Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

36. Defendant Lowe's had a duty to hire qualified employees.

37. Defendant Lowe's had a duty to train its employees to be safe employees.

38. Defendant Lowe's had a duty to supervise its employees.

39. Defendant Lowe's had a duty to only retain qualified and safe employees.

40. Defendant Lowe's had a duty to promote safe practices using company equipment amongst its employees that use this equipment as part of their job duties.

41. Upon information and belief, Defendant Lowe's was negligent in the hiring, training, and supervision of their employee.

42. Upon information and belief, Defendant Lowe's employee was not a safe and qualified employee and should not have been allowed to perform the jobs she was given.

43. Defendant Lowe's was negligent and breached the above-mentioned duties to Plaintiffs when it hired its employee.

44. As a direct and proximate result of Defendant Lowe's negligence, Plaintiffs sustained physical injuries and other damages.

**THIRD CAUSE OF ACTION**
**(General Negligence / Gross Negligence – Lowe's Home Centers LLC and Doe Employee)**

45. Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

46. Defendant Lowe's had a duty to act reasonably and take reasonable steps to prevent injuries to its customers and employees.

47. Defendant Lowe's was negligent and grossly negligent when it breached these duties to Plaintiffs when it did not observe even slight care to prevent the subject injury.

48. As a direct and proximate result of Defendant Lowe's actions and decisions, Plaintiffs sustained serious injuries and other damages.

**LOSS OF CONSORTIUM CLAIM FOR JANITA FROST**

49. Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

50. At all times material hereto, MATTHEW FROST and JANITA FROST, were and are husband and wife.

51. As a direct and proximate result of Defendant Lowe's actions, Plaintiff Janita Frost, has suffered and will in the future continue to suffer the following damages:

a. Loss of the care, comfort and society of her husband;

b. Loss of enjoyment of her husband's companionship;

c. Loss of personal services and income of her husband, for which she received benefits;

d. Loss of the capacity for the enjoyment of life;

e. Medical, hospital, therapy, and other related expenses associated with the incident; and

f. All other damages as allowed by law.

**DAMAGES**

52. Plaintiffs incorporate by reference the allegations contained in the paragraphs above.

53. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and recklessness, Plaintiff Matthew Frost suffered bodily injuries which required Plaintiffs to incur past and future medical expenses in an amount to be proven at trial and be awarded by a jury.

54. As an additional direct and proximate result of Defendants' negligence, Plaintiffs suffered loss of enjoyment of life and significant emotional distress, which Plaintiffs are entitled to recover from Defendants in this proceeding.

55. Plaintiffs are entitled to interest on damages allowed by law, court costs, and other relief as may be deemed proper under the circumstances.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgement against Defendants as follows:

A. For general damages for pain and suffering in an amount to be proven at trial and awarded by a jury;

B. For past and future medical expenses in an amount to be proven at trial and awarded by a jury;

C. For lost earnings and loss of earning capacity in an amount to be proven at trial and awarded by a jury;

D. For costs of suit herein;

E. For interest on damages; and

F. For Such further relief as the court deems just and proper.

DATED this 18th of July, 2025.

JOHNSON| LIVINGSTON |PLLC

/s/ *Blake W. Johnson*_______
Blake W. Johnson
Todd Livingston
Brooke Hansen
Gage Pallo
*Attorneys for Plaintiffs*