Blake W. Johnson #15174
Todd D. Livingston #14463
Brooke Hansen #18691
Gage A. Pallo #19847
**JOHNSON | LIVINGSTON | PLLC**
195 S. Orem Blvd., Suite 1
Orem, UT 84058
Tel.: (801) 948-9670
Fax: (801) 948-9675
blake@johnsonlivingston.com
todd@johnsonlivingston.com
brooke@johnsonlivingston.com
gage@johnsonlivingston.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW FROST, an individual; JANITA FROST, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S HOME CENTERS, a limited liability corporation; and DOES 1-X, <br><br> Defendants. | **PLAINTIFF'S MOTION TO REMAND** <br><br> Case No. 2:25-cv-00690-DBB <br><br> Judge David Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

COMES NOW, Plaintiffs Matthew Frost and Janita Frost, by and through the undersigned counsel, pursuant to 28 U.S.C. § 1447(c), and hereby respectfully move this Court to remand this action to the Fourth Judicial District Court, Utah County, State of Utah.

### INTRODUCTION & RELIEF SOUGHT

On November 14, 2022, a premises liability incident occurred at Defendant Lowe's Home Centers, LLC (Lowe's) store in Orem, Utah**.** While Plaintiff Matthew Frost was browsing

merchandise, a Lowe's employee dropped a 20-pound box of nails, which struck Frost on the head. Lowe's failed to provide proper warnings or block off the hazardous area, despite knowing (or having reason to know) that moving merchandise from heights posed a risk. Lowe's neglected to follow relevant safety standards (OSHA, ANSI, ISEA, and industry best practices), resulting in physical injury, reduced quality of life, and other damages to the Plaintiffs.

The Court should remand this case to the Utah State District Court because Lowe's Notice of Removal does not comply with the removal statute. Specifically, Lowe's failed to show complete diversity of all Defendants in its Notice of Removal and failed to timely file the required state court filings with its notice.

## STATEMENT OF FACTS

1. On July 21, 2025, Plaintiffs Matthew Frost and Janita Frost filed a civil action in the Fourth Judicial District Court, Utah County, State of Utah, Case No. 250403556, against Defendant Lowe's Home Centers, LLC ("Lowe's").

2. On August 8, 2025, Defendant Lowe's filed a Notice of Removal to this Court, asserting diversity jurisdiction.

3. On August 18, 2025, Defendant Lowe's filed a Notice of Filing of Notice of Removal to Federal Court with the state court.

## GROUNDS FOR REMAND

1. A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the case.

2. Defendant Lowe's asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

3. The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence.

4. As set forth below, this case should be remanded to state court because Defendant has failed to establish that the requirements for diversity jurisdiction have been met.

## ARGUMENT

### I. THE COURT SHOULD REMAND THE CASE TO STATE COURT BECAUSE LOWE'S NOTICE OF REMOVAL DID NOT COMPLY WITH THE REMOVAL STATUTE

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court… ." *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1076 (10th Cir. 1999)(quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

The burden of establishing whether removal is proper falls upon the removing defendant. *Zamora v. Wells Fargo Home Mortg.*, 831 F.Supp.2d 1284, 1288 (D. N.M. 2011). "'[T]he statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed.'" *Id.* at 1290(quoting *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir.1975). In fact, "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd.*, 194 F.3d 1072, 1077 (10th Cir. 1999)(quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). "… In light of the congressional intent to

restrict federal court jurisdiction, as well as the importance of preserving the independence of the state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Zamora*, 831 F.Supp.2d at 1294 (D. N.M. 2011)(quoting *Arancio v. Prudential Ins. Co. of Amer.*, 247 F.Supp.2d 333, 337 (S.D.N.Y.2002)).

The Court should remand this case to the state court because Lowe's has not complied with the removal statute. Specifically, its notice fails to show complete diversity of the parties, and Lowe's failed to timely file the required state court filings within the thirty-day deadline.

A.  **Lowe's Notice of Removal Fails to Show Complete Diversity**

When filing a notice of removal based on diversity jurisdiction, the removing party is required to include in the notice of removal for a party who is a natural person that "party's residence and domicile and any state or other jurisdiction of which that party is a citizen …" DUCivR 81-2(a)(2)(A). The same information, however, also has to be provided for "each party that is a partnership, limited liability partnership, limited liability company, or other unincorporated association … for all of its partners or members, as well as the state or other jurisdiction of its formation." *Id.*

This is because "[d]iversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant. 'For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing.'" *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015)(quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004)). "[A]n unincorporated entity's citizenship is typically determined by its members' citizenship." *Id.* at 905-906. As shown above, this rule applies to limited liability companies and limited partnerships. *See id.* at 906.

In other words, "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). And "'where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.'" *Gerson v. Logan River Acad.*, 20 F.4th 1263, ftn. 2 (10th Cir. 2021)(quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

In its Notice of Removal, Defendant Lowe's states that it "is a limited liability company and is the sole member of Lowe's Companies, Inc., a North Carolina corporation with its principal place of business in North Carolina." *See Notice of Removal* pg. 6. This statement incorrectly characterizes the citizenship of Lowe's Home Centers, LLC, which is a limited liability company. This mischaracterization fails to properly establish Lowe's citizenship for diversity purposes, as it does not clearly identify who the members of Lowe's Home Centers, LLC, are and their respective citizenships.

For diversity purposes, a limited liability company takes the citizenship of each of its members, not the other way around. *See Gerson*, 20 F.4th 1263 at ftn. 2. In fact, under this Court's Local Rules, the removing party is required to show the citizenship of each party if the removal is based upon diversity jurisdiction "irrespective of whether service of process has been effectuated on all parties …" DUCivR 81-2(a)(2)(A). Defendant Lowe's was served with the Summons and Complaint. However, even if it had not been, Lowe's would have still been required to show the citizenship of each member of Lowe's, which it has failed to do.

Therefore, without proper evidence of the citizenship of all members of Lowe's Home Centers, LLC, Defendant has failed to meet its burden of establishing complete diversity. Accordingly, the Court should remand this case to state court.

    **B.    Lowe's Notice of Removal is Not Timely Because It Failed to File the State Court Case Filings Within Thirty Days**

"Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. 1446(b)(2)(B). "A defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court." *Zamora*, 831 F.Supp.2d at 1290 (D. N.M. 2011). Furthermore, the removing party is also required to file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In fact, "the removing party must file the state court records as separate attachments to the Notice of Removal, including: (1) a copy of the operative complaint; (2) a current copy of the state court docket sheet; (3) a copy of the operative scheduling order or notice of event due dates, if available; and a single attachment containing all pleadings, motions, orders, and other relevant filings …" DUCivR 81-2(b).

On August 18, 2025, Lowe's filed its Notice of Removal. However, it did not file with the notice a copy of the operative complaint, a current copy of the state court docket sheet, and all state court pleadings, motions, orders, and other relevant filings as required. Therefore, Lowe's did not comply with the thirty-day filing deadline. Accordingly, the Court should remand the case to state court due to Lowe's failure to comply with the statutory requirements.

    **C.**    **Lowe's Has Refused to Cooperate in Producing the Contact Information of Their Employee Because it Will Destroy Complete Diversity.**

Under 28 U.S.C. § 1441(b)(2), a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which the action is brought.

In Plaintiffs' Complaint, Plaintiffs have given notice that they fully intend to amend their Complaint to include the "Doe Employee" that has not been identified as a Defendant in this case. Plaintiff has reached out to Defendant Lowe's and requested to receive the contact information for the "Doe Employee". Defendant Lowe's has declined to cooperate. It is highly likely that this "Doe Employee" is domiciled in Utah and, therefore, would destroy complete diversity. Defendant Lowe's actions prohibit the ability to prove that complete diversity does not exist and establish that removal to this federal court is improper. Accordingly, the Court should remand the case to state court due to Lowe's failure to comply with the statutory requirements.

## **CONCLUSION**

For the foregoing reasons, Defendant has failed to establish that this Court has subject matter jurisdiction over this action based on diversity of citizenship. Additionally, Defendant has not fully complied with the procedural requirements for removal.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Grant this Motion to Remand;

2. Remand this case to the Fourth Judicial District Court, Utah County, State of Utah;

3. Award Plaintiffs their costs and attorney's fees incurred as a result of the removal; and

4. Grant such other and further relief as the Court deems just and proper.

DATED this 17th day of September 2025,

JOHNSON | LIVINGSTON | PLLC

/s/*Blake W. Johnson*
Blake W. Johnson
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2025, I caused a true and correct copy of the **PLAINTIFF'S MOTION TO REMAND** to be served via efiling to the following:

Kate Stimeling
Lauren Russ
Jennifer Steeve
RILEY SAFER HOLMES & CANCILA LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: 415.275.8565
kstimeling@rshc-law.com
lruss@rshc-law.com
jsteeve@rshc-law.com

Paul W. Shakespear
Ryan S. Alba
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: 801.257.1900
pshakespear@swlaw.com
ralba@swlaw.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

JOHNSON | LIVINGSTON | PLLC

/s/ *Gage A. Pallo*
Gage A. Pallo