THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW FROST, an individual; JANITA FROST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a limited liability corporation; and DOES 1-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [18] DEFENDANT'S MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL AND DENYING [17] PLAINTIFFS' MOTION TO REMAND AS MOOT**<br><br>Case No. 2:25-cv-00690-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Lowe's Home Centers, LLC's ("Lowe's") Motion for Leave to Amend Notice of Removal (the "Motion").[1]

## BACKGROUND

This case was originally filed in Utah state court, where Plaintiffs alleged that a Lowe's employee dropped a box of nails on Mr. Frost's head, injuring him.[2] Lowe's then removed the action to this court based on diversity jurisdiction.[3] As part of its jurisdictional pleading, Lowe's alleged the citizenship of each party, stating that "Plaintiffs are residents and citizens" of Utah and that "Lowe's is a citizen of North Carolina."[4] However, Lowe's, a limited liability company, incorrectly alleged that it "is the sole member of Lowe's Companies, Inc., a North Carolina

---

[1] Motion for Leave to Amend Notice of Removal ("Mot. to Amend"), ECF No. 18, filed Sep. 23, 2025.
[2] Compl. ¶¶ 12–15, ECF No. 1-1, filed Aug. 18, 2025.
[3] Notice of Removal 2, ECF No. 1, filed Aug. 18, 2025.
[4] *Id.* at 3.

1

corporation with its principal place of business in North Carolina."[5] In reality, the reverse is true; Lowe's Companies, Inc. is the sole member of Lowe's, LLC.[6]

On September 17, 2025, Plaintiffs filed a Motion to Remand on the grounds that Lowe's Notice of Removal failed to properly allege complete diversity.[7] The Motion to Remand points out that the Notice of Removal fails to establish Lowe's, LLC's citizenship because the Notice does not include information about its members.[8] Lowe's states that it first became aware of the jurisdictional mistake after the Motion to Remand was filed, and it subsequently moved to amend its Notice to correct the error.[9] Lowe's proposes amending the Notice of Removal to read, "Lowe's is a limited liability company whose sole member is Lowe's Companies, Inc., a North Carolina corporation with its principal place of business in North Carolina."[10]

## STANDARD

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."[11] "[A]n LLC is an unincorporated association or entity" whose citizenship "depends on the citizenship of all its members."[12] A defendant has thirty days after being served to remove a state action to federal court.[13] "A defendant may freely amend a notice of removal within the thirty-day timeframe after service."[14] Once the thirty days have passed, a

---

[5] *Id.*
[6] Mot. to Amend 2.
[7] Mot. to Remand 4, ECF No. 17, filed Sep. 17, 2025.
[8] *Id.* at 5.
[9] Mot. to Amend 3–4.
[10] Proposed Amended Notice ("Amended Notice") 4, ECF No. 18-1, filed Sep. 23, 2025.
[11] 28 U.S.C.A. § 1332(a).
[12] *Sec. Sys., Inc v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1190 (D. Utah 2019) (quoting *Americold Realty Tr. v. Conagra Foods, Inc*., 577 U.S. 378, 381 (2016)) (cleaned up).
[13] 28 U.S.C.A. § 1446(b).
[14] *Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1354 (D.N.M. 2019).

defendant must request leave to amend any "defective allegations of jurisdiction," which the court may grant under 28 U.S.C.A. § 1653.[15]

## DISCUSSION

Here, Lowe's seeks to amend its Notice of Removal to correctly state that Lowe's, LLC's sole member is Lowe's Companies, Inc.[16] Lowe's argues that the original phrasing was a technical defect that correctly described the citizenship of Lowe's, LLC and accurately alleged diversity but inadvertently misstated the corporate structure underlying that diversity.[17] It states that the proposed amendments would not add any substantive allegations and would merely correct "an unintentional error in phrasing."[18] Plaintiffs respond that the mistaken allegation is a "substantive jurisdictional failure that cannot be cured through amendment after the statutory removal period has expired."[19] They characterize the original statement as a fundamental misrepresentation of the corporate structure that "creates an impossible legal relationship" and "prevents any determination of diversity jurisdiction."[20] Plaintiffs do not cite any cases to support these arguments, and they do not contest the correct corporate structure that Lowe's has since identified.[21]

28 U.S.C. § 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[22] It "addresses only incorrect statements about

---

[15] 28 U.S.C.A. § 1653.
[16] Amended Notice 4.
[17] Mot. to Amend 7.
[18] *Id*. at 8.
[19] Opp'n to Mot. for Leave to Amend ("Opp'n") 1, ECF No. 21, filed Oct. 7, 2025.
[20] *Id.* 2.
[21] *See id.*
[22] 28 U.S.C. § 1653.

jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."[23] Thus, the statute allows amendment in situations where diversity jurisdiction exists, but the basis for that jurisdiction was improperly or incorrectly pled.[24] Its purpose is to "avoid dismissals on technical grounds,"[25] so the section is usually "construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist."[26]

In this case, Plaintiffs do not dispute that Lowe's and the Frosts are diverse parties.[27] They also do not dispute that Lowe's, LLC is a citizen of North Carolina, as alleged in the Notice of Removal, or that its sole member is Lowe's Companies, Inc.[28] Thus, the record is clear that diversity jurisdiction exists. Plaintiffs' only argument is that the proposed amendment "goes beyond 'correcting technically imperfect allegations'" by introducing "new substantive information."[29] Not so.

The original notice correctly identified each party's citizenship for diversity purposes and alleged diversity jurisdiction that actually existed.[30] The error at issue was clearly a simple typographical mistake that reversed the positions of Lowes, Inc. and Lowe's, LLC in their corporate relationship. Even Plaintiffs acknowledge that the relationship stated in the original notice was "legally nonsensical."[31] Allowing amendment will not result in the introduction of new substantive facts; it will only correct a defective jurisdictional allegation that misstated the

---

[23] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).
[24] *See id.*
[25] *Daneshvar v. Graphic Tech., Inc*., 237 F. App'x 309, 314–15 (10th Cir. 2007) (quoting *Brennan v. Univ. of Kan.,* 451 F.2d 1287, 1289 (10th Cir.1971)).
[26] *Id.* (quoting *John Birch Soc'y v. NBC,* 377 F.2d 194, 198–99 (2d Cir.1967)).
[27] *See* Opp'n.
[28] *Id.*
[29] *Id.* at 3.
[30] Notice of Removal 3.
[31] Opp'n 2.

basis for a party's citizenship while still correctly identifying the party's actual citizenship. This is the exact sort of error that § 1653 empowers courts to remedy. Because it is "possible to determine from the record that jurisdiction does in fact exist," the court grants Defendant's Motion to avoid dismissal "on technical grounds."[32] The court approves Defendant's proposed amendments to the Notice of Removal. Furthermore, because Plaintiff's Motion to Remand is based in part on the error to be corrected, it is denied without prejudice as moot and may be refiled in response to the amended Notice of Removal.

## ORDER

Defendant's [18] Motion for Leave to Amend Notice of Removal is GRANTED. Plaintiffs' [17] Motion to Remand is DENIED without prejudice.

Signed November 6, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[32] *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314–15 (10th Cir. 2007).