UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW FROST & JANITA FROST,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC & DOES 1-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [32] PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN DOE DEFENDANTS AND DENYING [33] PLAINTIFFS' RENEWED MOTION TO REMAND**<br><br>Case No. 2:25-cv-00690-DBB-DBP<br><br>District Judge David Barlow |

Before the court are Plaintiffs' Motion for Leave to Amend Complaint and Join Doe Defendants[1] and Plaintiffs' Renewed Motion to Remand.[2] For the reasons stated below, the court denies both motions.

**BACKGROUND**

In July 2025, Plaintiffs filed their Complaint in Utah state court.[3] Their Complaint brought claims against Defendant Lowe's Home Centers, LLC ("Lowe's"), an unidentified defendant doe employee, and additional unidentified does.[4] Plaintiffs' claims stem from an alleged incident where a Lowe's "employee dropped a 20-pound box of nails which landed directly on [Plaintiff Matthew Frost's] head."[5] Lowe's removed the action to federal court,

[1] Pls.' Mot. for Leave to Amend Compl. and Join Identified Doe Defs. ("Mot. to Amend"), ECF No. 32, filed July 10, 2026.
[2] Pls.' Renewed Mot. to Remand to State Court ("Mot. to Remand"), ECF No. 33, filed July 10, 2026.
[3] Mot. to Amend 2 ¶ 1; Compl., ECF No. 32-1, filed July 10, 2026.
[4] Compl. ¶ 15.
[5] *Id.*

invoking the court's diversity jurisdiction under 28 U.S.C. § 1332.[6] A month later, Plaintiffs moved to remand the action to state court,[7] which the court ultimately denied without prejudice.[8]

In January 2026, the court entered an Amended Scheduling Order that set the deadline for filing motions to amend pleadings or join additional parties on July 6, 2026.[9] In line with that scheduling order, the parties produced initial disclosures on March 25, 2026,[10] which included Lowe's disclosure of Vasanti Dusara and her managers as witnesses who "may have knowledge and information regarding the underlying action . . . including the subject incident."[11]

Shortly after, Plaintiffs issued discovery requests to Lowe's which, after receiving a one-week extension, produced responses to interrogatories and documents on May 4, 2026.[12] In relevant part, Lowe's responded to an interrogatory request for identification of the employee involved in the underlying incident with the following: "[T]he employees working at or near the department where Plaintiffs' alleged incident occurred, and onsite managers at or near the time of the incident are as follows: Vasanti Dusara, [three additional employees]."[13] And in its production, Lowe's provided (1) an email from Ms. Dusara detailing her perspective and involvement in the incident, and (2) Ms. Dusara's employment record, which included information about the city, state, and zip code of her listed address.[14]

---

[6] Notice of Removal from 4 District Ct. Utah County, ECF No. 1, filed Aug. 18, 2025.
[7] Mot. to Remand to State Ct. Fourth Judicial District Ct., ECF No. 17, filed Sept. 17, 2025.
[8] Mem. Decision and Order Granting Mot. for Leave to Amend Notice of Removal; Den. as Moot Mot. to Remand to State Ct., ECF No. 25, filed Nov. 6, 2025.
[9] Mot. to Amend 2 ¶ 10, 4; Amended Scheduling Order 5–6, ECF No. 29, filed Jan. 26, 2026.
[10] Mot. to Amend 3 ¶ 11.
[11] *Id.* at 3 ¶¶ 12–13; Lowe's Rule 26(a)(1) Initial Disclosure's 2–3, ECF No. 32-4, filed July 10, 2026.
[12] Mot. to Amend 3 ¶¶ 14, 16–17; Def. Lowe's Home Centers, LLC's Objs. and Resps. to Pls.' First Set of Interrogs. and Req. for Produc. of Docs. ("Def's Objs. & Resps."), ECF No. 34-3, filed July 27, 2026.
[13] Def's Objs. & Resps. 3–4.
[14] Lowe's Produced Documents ("Def's Produc."), ECF No. 34-4, filed under seal July 27, 2026.

**EMPLOYMENT RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| Social Security Number | [redacted] | | | | | |
| Name (Last, First, Middle) | dusara , vasanti , | | | Preferred Name | | |
| Street | [redacted] | | | | | |
| City | [redacted] | County | | State ut | Zip | [redacted] |
| Home Phone | [redacted] | Cell Phone | [redacted] | lt. Phone | | |

On July 9th, Plaintiffs produced their responses to Lowe's discovery requests,[15] and their counsel emailed Lowe's counsel regarding a possible amendment to their Complaint.[16] The email communicated counsel's "plan[]" to file a motion for leave to amend their Complaint "in light of [Lowe's] discovery responses."[17] Counsel explained that, because of a firm merger, counsel "wanted to make the changes regarding the appearances and attorneys on the case before filing the motion to amend," and that they "noticed today" that the deadline to file motions to amend pleadings was July 6th.[18]

On July 10th Plaintiffs filed their Motion for Leave to Amend Complaint and Join Identified Doe Defendants ("Motion to Amend")[19] and Renewed Motion to Remand to State Court ("Motion to Remand").[20] Plaintiffs seek to amend their Complaint to join Ms. Dusara and other Lowe's employees (the purported managers of Ms. Dusara) as defendants; add claims of grossly negligent employment against Lowe's and the managers; add Ms. Dusara to their claims

---

[15] Mot. to Amend 4 ¶ 20.
[16] Defendant Lowe's Home Centers, LLC's Response in Opp'n to Pls.' Mot. for Leave to Amend Compl. and Join Identified Doe Defs. ("Def's Opp'n to Mot. to Amend") 3 ¶ 10, ECF No.34, filed July 27, 2026; July 9, 2026 Email from Pls.' Counsel to Lowe's Counsel ("Pls. Counsel's Email"), ECF No. 34-5, filed July 27, 2026.
[17] Pls. Counsel's Email.
[18] *Id.*
[19] *See* Mot. to Amend.
[20] *See* Mot. to Remand.

of premise liability; add Ms. Dusara and her managers to their claims of negligence and gross negligence; and claim punitive damages against all defendants.[21]

In their Motion to Amend, Plaintiffs inform the court that their counsel's (former) law firm underwent a merger with a new law firm beginning in May 2026.[22] Counsel represents that he "was heavily involved with the business and legal aspects of merging two law firms" until the merger's completion on July 1, 2026.[23]

## DISCUSSION

Plaintiffs first move to amend their Complaint and then move to remand in anticipation of a favorable ruling on their Motion to Amend. Because Plaintiffs argue that their Motion to Remand is "proper" if the Motion to Amend is granted,[24] the court addresses the motions in that order.

### I. Motion to Amend

Plaintiffs move the court to amend their Complaint so they can join additional defendants and add claims to the suit.[25] The parties agree that Plaintiffs filed this motion after the July 6, 2026 deadline ordered by the court in its scheduling order.[26]

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with "the court's leave," which the court should freely give "when justice so requires."[27] Rule 16(b)(4), on the other hand, permits modification of a scheduling order "only for *good cause* and with the

---

[21] Proposed Amend. Compl., ECF No. 32-7, filed July 10, 2026; Def's Opp'n to Mot. to Amend 4 ¶ 12.
[22] Mot. to Amend 4 ¶ 19; Pls.' Reply to Def's Opp'n to Pls.' Mot. for Leave to Amend Compl. and Join Identified Doe Defs. ("Pls.' Reply to Mot. to Amend") 2, ECF No. 42, filed July 31, 2026.
[23] Pls.' Reply to Mot. to Amend 2; Mot to Amend 4 ¶ 19.
[24] Mot to Remand 7.
[25] *See* Proposed Amend. Compl.
[26] Mot. to Amend 4; Def's Opp'n to Mot. to Amend 4.
[27] FED. R. CIV. P. 15(a)(2).

judge's consent."[28] In the Tenth Circuit, "[a] party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards."[29] In other words, Plaintiffs "must demonstrate (1) good cause for seeking modification under [Rule 16(b)(4)] and (2) satisfaction of the Rule 15(a) standard."[30] The question of whether a party has met the good cause standard under Rule 16(b) is squarely "within the court's discretion."[31] And a court will deny leave to amend if a plaintiff fails to satisfy either standard.[32]

Plaintiffs argue that they satisfy both standards.

Beginning with Rule 16(b), Plaintiffs assert two reasons why they satisfy the good cause standard: (1) Plaintiffs argue that Lowe's "took actions to obscure the residency of" Ms. Dusara; and (2) Plaintiffs' counsel was "in the middle of merging firms . . . and in the middle of the procedural changeover for bar licenses, withdrawals, and notices of firm change."[33] The court sets forth the good cause standard and addresses these arguments in turn.

To satisfy Rule 16(b)'s good cause standard, the moving party must provide an "adequate explanation[] for th[e] delay."[34] The Tenth Circuit has weighed in on what constitutes an explanation sufficient to satisfy good cause. Importantly, "parties must show good cause for any delay *after* they are 'on notice that they might need to amend their complaint.'"[35] "In practice, the Rule 16(b)(4) standard requires the movant to show the scheduling deadlines cannot be met

---

[28] *Id.* R. 16(b)(4) (emphasis added).
[29] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).
[30] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).
[31] *Jarboe v. Orthopedic& Sports Med. Ctr.*, No. 25-cv-04099-DDC-RES, 2026 WL 1487498, at *3 (D. Kan. May 28, 2026) (quoting *Singer v. Lagas*, No. 21-cv-2111-JWB-TJJ. 2022 WL 990747, at *2 (D. Kan. Apr. 1, 2022)).
[32] *See Birch*, 812 F.3d at 1248–49.
[33] Pls.' Reply to Mot. to Amend 2.
[34] *Tesone*, 942 F.3d at 991 (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)).
[35] *Horocofsky v. City of Lawrence, Kansas*, _ F.4th _, 2026 WL 2673123, at *10 (10th Cir. Sept. 10, 2026) (quoting *Birch*, 812 F.3d at 1248 (emphasis added)).

despite the movant's diligent efforts."[36] A party may make such a showing if it "learns new information through discovery or if the underlying law has changed."[37] But "[i]f the [party] knew of the underlying [information] but simply failed to raise [it]," the party cannot show good cause.[38]

First, Plaintiffs argue good cause because "[t]he record shows that Lowe's obscured the relevant information about Vasanti Dusara."[39] Plaintiffs assert that Lowe's initial disclosures, answers to interrogatories, and productions were deficient and show that Lowe's is "engaged in 'gamesmanship.'"[40] Specifically, Plaintiffs point out that Lowe's interrogatory answer omitted "identifying information" that it "specifically sought."[41] And they argue that the production of Ms. Dusara's employment record contains a redaction that partially obscures her state of residence.[42] In contrast, Plaintiffs portray themselves as being generally diligent in this case.[43]

Plaintiffs' assertion is unsupported by the record and therefore does not establish good cause. The information received by Plaintiffs through Lowe's answer to interrogatories and its discovery productions gave Plaintiffs the facts necessary for their leave to amend, information as to Ms. Dusara, two months before the deadline. The productions detail Ms. Dusara's involvement with the underlying incident and the city, state, and zip code listed on her employment record. To that point, the court does not view the "UT" state indicator in the

---

[36] *Husky Ventures*, 911 F.3d at 1020 (quoting *Gorsuch*, 771 F.3d at 1240 (internal brackets omitted)).
[37] *Gorsuch*, 771 F.3d at 1240.
[38] *Birch*, 812 F.3d at 1247 (quoting *Gorsuch*, 771 F.3d at 1240); *see also Christians in the Workplace Networking Grp. v. Nat'l Tech & Eng'g Sols. of Sandia, LLC*, No. 24-2072, 2025 WL 2114295, at *6 (10th Cir. July 29, 2025) (unpublished) ("Because [the party] knew of the underlying conduct but simply failed to raise the additional claims, it did not show good cause under Rule 16" (citation modified)).
[39] Reply to Mot. to Amend 3.
[40] *Id.* at 2–4; *see also* Mot. to Amend 5–6.
[41] Reply to Mot. to Amend 3.
[42] *Id.* at 4; Mot. to Amend 5–6.
[43] Mot. to Amend 5–6.

employment record to be indiscernible, even accepting the premise that it is partially obscured. But even if it was, the city ([redacted]) and zip code ([redacted]) clearly communicate an address based in Utah. Plaintiffs do not aver what information they reviewed, the additional information they needed, the actions they took to ascertain the needed information, or when they received that information between the two months before the scheduling order deadline and their untimely motion.[44]

Plaintiffs argue further that they should not be blamed for failing to timely find a "needle in the haystack,"[45] but Plaintiffs have not shown they were "diligently investigating the facts necessary" to bring their amendment.[46] Plaintiffs fail to provide the court with any information to conclude that there was an onerous production by Lowe's (a "haystack") that could not be reasonably sifted before the deadline. The court agrees with Lowe's that the fact Plaintiffs never communicated a deficiency with the information received through discovery cuts against their argument.[47] This appears to be a situation where Plaintiffs were "aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend,"[48] rather than a delay because of "gamesmanship." In short, the record suggests that Plaintiffs had the information necessary to file for leave to amend on May 4th, two months prior to the scheduling

[44] Initially, Plaintiffs suggest they discovered additional information relevant to their Motion to Amend. *See* Mot. to Amend 5 ("Only through Plaintiff's efforts was it determined that Vasanti Dusara was the employee who dropped the box of nails on Plaintiffs head."); *id.* at 6 ("Plaintiffs have also discovered additional policies and industry standards . . . ."). But those bare assertions, devoid of any specific information, are insufficient. *See, e.g.*, *eLearning, LLC v. Vickers*, 2:23-cv-00464-DBB-JCD, 2026 WL 1266054, at *3 (D. Utah May 8, 2026) ("Noticeably absent . . . are any details about what new information Plaintiff's current counsel discovered, exactly when Plaintiff's current counsel discovered that information, and why it took over one year to move to amend after Defendants' final document production. Without those details, Plaintiff fails to show good cause."); *id.* at *3 n.28 (listing cases deciding the same).
[45] Reply to Mot. to Amend 4.
[46] *See Husky Ventures*, 911 F.3d at 1021.
[47] Def's Opp'n to Mot. to Amend 5.
[48] *Tesone*, 942 F.3d at 991 (quoting *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

order deadline (July 6th) and their Motion to Amend (July 10th). This is inconsistent with a showing of good cause.[49]

Second, Plaintiffs' counsel proffers that he was "in the middle of merging firms . . . and in the middle of the procedural changeover for bar licenses, withdrawals, and notices of firm change" during the relevant timeframe.[50] Counsel informs the court that the merger began in May 2026 and concluded on July 1, 2026.[51] Counsel represents that he "was heavily involved with the business and legal aspects of merging two law firms."[52] And he recounts that on July 9th "counsel recognized that the motion to amend deadline had passed, explained that it had been overlooked due to the merger, and requested an [extension] to filing its motions."[53] But counsel's explanation is not adequate to establish good cause.

"Good cause to amend does not exist where a party fails to act 'due to . . . a mere oversight.'"[54] The circumstances here show that Plaintiffs missed the deadline due to an oversight.[55] The court understands that counsel's firm merger certainly put a lot on his plate, but that extra responsibility alone does not constitute good cause for Plaintiffs' delay. As one district court reasoned in the face of a similar argument under Rule 16(b)(4):

> [W]hile Plaintiffs' counsel claims his burdensome schedule, caused by his firm's merger, prevented him from meeting his . . . deadline, such an excuse does not constitute good cause. Plaintiffs' counsel should have anticipated that his workload

---

[49] *See Husky Ventures*, 911 F.3d at 1020 (deciding, in response to a similar situation, that a moving party's "ability to demonstrate good cause" was "fatally undercut[]" where the record "indicate[d] that [the moving party] knew of the allegedly 'new' information months before the motion to amend").
[50] Reply to Mot. to Amend 2.
[51] *Id.*; Mot. to Amend 4 ¶ 19.
[52] Reply to Mot. to Amend 2.
[53] *Id.*
[54] *S.G. by & through Gordon v. Jordan Sch. Dist.*, 333 F.R.D. 220, 224 (D. Utah 2019) (quoting *Packers Sanitation Servs., Inc. v. Moroni Feed Co.*, No. 2:17-cv-01222, 2018 WL 3966281, at *3 (D. Utah. Aug. 17, 2018)).
[55] *See* Reply to Mot. to Amend 2 ("Plaintiffs' counsel recognized that the motion to amend deadline had passed, explained that it had been overlooked due to the merger . . . ."); Pls. Counsel's Email ("We noticed today that the CMO had Monday, July 6th as the deadline to file motions to amend the pleadings.").

> would increase as a result of his firm's merger, and he should have planned accordingly. As stated by the Ninth Circuit, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[56]

So too here. Platiniffs "could have sought leave to add [the proposed defendants and] claim[s] when [they] first learned of" the information.[57] Although Plaintiffs filed their motions only a handful of days after the deadline, Platiniffs "offer[] no explanation for why [they] waited until [after the deadline] to do so."[58] Counsel's contemporaneous firm merger therefore does not provide an adequate explanation for Plaintiffs' two-month delay under the good cause standard.

In sum, Plaintiffs have failed to establish good cause because they have not shown "the scheduling deadline[] cannot be met despite [their] diligent efforts."[59] Because Plaintiffs "fail[] to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether the movant has satisfied the requirements of Rule 15(a)."[60]

## II. Motion to Remand

Plaintiffs also move to remand this case to state court.[61] But Plaintiffs' Motion to Remand is contingent on the court granting their Motion to Amend. Plaintiffs argue as much: "If Plaintiffs' Motion for Leave to Amend Complaint and Join Doe Defendants is granted, remand is proper because diversity jurisdiction does not exist in this matter."[62] Because the court denies Plaintiffs' Motion to Amend, it similarly denies Plaintiffs' Motion to Remand.

---

[56] *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).
[57] *See Tesone*, 942 F.3d at 990–91.
[58] *See id.* at 991.
[59] *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).
[60] *Testone*, 942 F.3d at 990 (quoting *Carriker v. City & Cnty. of Denver*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013) (internal brackets omitted)).
[61] *See* Mot. to Remand.
[62] *Id.* at 7.

**ORDER**

Accordingly, the court DENIES Plaintiffs' Motion for Leave to Amend and Join Doe Defendants[63] and DENIES Plaintiffs' Renewed Motion to Remand.[64]

Signed September 24, 2026.

BY THE COURT

David Barlow
United States District Judge

[63] ECF No. 32.
[64] ECF No. 33.